**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Isaac L. CONLEY, Jr., Respondent.**

Supreme Court of Kentucky.

April 22, 1986.

## OPINION AND ORDER OF CONTEMPT

STEPHENS, Chief Justice.

On July 11, 1985, complainant Kentucky Bar Association filed against respondent, Isaac L. Conley, Jr., a Petition for Temporary Suspension, supported by affidavit, pursuant to SCR 3.165.

On July 17, 1985, this Court entered an order requiring respondent to show cause, if any he could, why he should not be temporarily suspended from the practice of law in the Commonwealth of Kentucky, by filing a response to the Petition on or before July 29, 1985.

On July 29, 1985, respondent filed a request for an extension of time, to and including August 12, 1985, within which to file a response to the Petition for Temporary Suspension. On July 31, 1985, complainant filed its response objecting to this extension request.

This Court, finding that reasonable cause existed to believe that respondent was misappropriating funds he held for others, denied respondent's request for an extension of time to file a response, and on August 8, 1985, entered an order temporarily suspending respondent from the practice of law in the Commonwealth of Kentucky. This order further directed the respondent to notify all clients in writing within 20 days from the date of the entry of the order of his inability to continue to represent them, and to furnish photostatic copies of the letters of notice to the complainant, pursuant to SCR 3.165 C.

On August 26, 1985, the complainant filed a motion to hold respondent in contempt for his failure to comply with a subpoena duces tecum served on him by the complainant pursuant to SCR 3.180(3). Respondent did not respond to this motion for contempt.

On September 11, 1985, this court's Order of Temporary Suspension mailed to respondent by certified mail on August 8, 1985, was returned marked "unclaimed." This court forthwith commanded the Sheriff of Jefferson County to serve respondent with a copy of the Order of Temporary Suspension. Also on September 11, 1985, the complainant filed a second motion to hold respondent in contempt, this time for failure to comply with the Order of Temporary Suspension.

On September 19, 1985, this court entered an order commanding respondent to appear before the court on October 21, 1985, to show cause why he should not be held in contempt of this court for his failure (1) to comply with the July 25, 1985, subpoena duces tecum issued pursuant to SCR 3.180(3), and (2) to comply with the August 8, 1985, Order of Temporary Suspension. This September 19, 1985, order was forthwith sent to the Sheriff of Jefferson County who was commanded to serve a copy of the order on respondent.

On October 10, 1985, the Sheriff of Jefferson County returned our command to serve the September 19, 1985, Order to Show Cause, marked "not found."

On October 21, 1985, the date set for the show cause hearing, complainant filed a motion to continue the show cause hearing. Supporting this motion was the affidavit of counsel for complainant which stated, in part, that respondent had retained counsel on or about October 18, 1985, and that respondent was then currently a patient in Our Lady of Peace Hospital in Louisville,

Kentucky, and would be unable to attend the hearing. Based on this affidavit, this court entered an order postponing the show cause hearing.

On October 23, 1985, the Sheriff of Jefferson County returned our command of service showing that he had served respondent with the August 8, 1985, Order of Temporary Suspension, and with the September 19, 1985 Order to Show Cause.

On January 6, 1986, complainant filed a motion to reschedule a hearing on the two previously filed motions for contempt. The respondent did not respond to this motion. This motion was granted, and on January 10, 1986, this court entered an order commanding the respondent to appear and show cause before this court on Wednesday, January 29, 1986, at 1:00 p.m. why he should not be held in contempt.

On January 17, 1986, the Sheriff of Jefferson County returned our command to serve the January 10, 1986, Order to Appear and Show Cause on respondent, marked "not found—unable to locate." Subsequently, on January 21, 1986, this court appointed a special bailiff to serve respondent with notice of the January 29, 1986, show cause hearing. On January 29, 1986, at approximately 9:20 a.m., this special bailiff served notice on this court that he had, in fact, personally served respondent with a copy of the January 10, 1986, Order to Appear and Show Cause. There is no doubt that respondent was served with notice that he was to appear on January 29, 1986, at 1:00 p.m. before this court in Frankfort, Kentucky, and to show cause why he should not be held in contempt of this court for his failure to comply with the subpoena duces tecum and with the Order of Temporary Suspension. On January 31, 1986, return showing execution of the Order to Appear and Show Cause on respondent was filed with this court by the special bailiff.

The hearing was held as scheduled on January 29, 1986, at 1:00 p.m. in the Supreme Court courtroom in Frankfort. The complainant was present, by counsel. The respondent failed to appear.

On February 3, 1986, this court entered an Order of Contempt against the respondent, and on the same date issued a warrant for his arrest. However, both the Order of Contempt and the arrest warrant were vacated and set aside by this court's order of February 17, 1986.

On February 18, 1986, this court entered an order commanding respondent to appear before the court on April 2, 1986, to show cause why he should not be held in contempt of this court for his failure (1) to comply with the July 25, 1985 subpoena duces tecum issued pursuant to SCR 3.180(3), and (2) to comply with the August 8, 1985 Order of Temporary Suspension. This order was mailed to respondent by certified mail, return receipt requested, and on February 24, 1986, the clerk of this court received the return receipt bearing respondent's signature and showing that respondent accepted delivery of the order on February 21, 1986.

The hearing was held as scheduled on April 2, 1986, at 1:00 p.m., in the Supreme Court courtroom in Frankfort. The complainant was present, by counsel, who introduced evidence of respondent's failure to comply with the orders of this court. Respondent failed to appear at this hearing also, just as he failed to appear at the January 29, 1986 hearing.

We have meticulously detailed the history of this matter in order to show the extent of respondent's efforts to avoid an appearance before this court. After examining the record in this matter, and after considering the evidence presented by the complainant, we find, based upon the actions of the respondent and upon his failure to respond to the lawful orders of this court, that he has willfully avoided complying with this court's August 8, 1985, Order of Temporary Suspension, and with the complainant's July 25, 1985, subpoena duces tecum.

It is adjudged that respondent, Isaac L. Conley, Jr., is in contempt of this court for his willful failure to comply with this court's August 8, 1985, Order of Tempo-

rary Suspension. For this contempt, respondent is fined $500.00 and is ordered to be incarcerated in the Franklin County Jail for a period of 90 days.

It is further adjudged that respondent, Isaac L. Conley, Jr., is in contempt of this court for his willful failure to comply with the July 25, 1985, subpoena duces tecum issued pursuant to SCR 3.180(3). For this contempt, respondent is ordered to be incarcerated in the Franklin County Jail for a period of 60 days, to run concurrently with the 90 day period imposed above.

All concur.